No. 8.—JAMES H. REYNOLDS *et al.* plaintiffs in error, *vs.* JAMES LOFTON *et al.* Justices of the Inferior Court, &c. defendants in error.

[1.] The Justices of the Inferior Courts of the several counties, have no power, under the Act of 1821, to levy, for county purposes, " a tax extraordinary of the general State tax," until after such a tax has been recommended by two-thirds of the Grand Jury of their counties respectively; and if, before such recommendation, any bond be taken by such Justices from the Tax Collector, for the due collection of the tax, the bond is void, as are also any legal proceedings founded on the bond.

Illegality, in Elbert Superior Court.   Decided by Judge ANDREWS, September Term, 1854.

The Justices of the Inferior Court of Elbert County issued an execution against the Tax Collector and his sureties, on a bond given for the collection and payment of the county tax for the year 1846.   An affidavit of illegality was filed on various grounds—and among others, on the ground that the tax levied was for $62\frac{1}{2}$ per cent. upon the State tax, when the Statute of 1821 limited the tax to 50 per cent.; and that the levy was made by the Court without the previous recommendation of the Grand Jury, as required by that Act.   The Court below held the Collector and his sureties liable, in this proceeding, for the tax, up to the amount of 50 per cent. and

for all the extra 12½ per cent. actually collected. This decision is assigned as error.

Various other exceptions were filed, not considered and determined by the Supreme Court.

VanDuzer; Toombs, for plaintiff in error.

T. W. Thomas; T. R. R. Cobb, for defendant.

*By the Court.*—Benning, J. delivering the opinion.

[1.] Did the Justices of the Inferior Court have power to levy this tax, in the absence of a recommendation of the tax by two-thirds of the Grand Jury?

The first and second sections of the Act of 1821, "to authorize the Justices of the Inferior Court of the several counties in this State to levy extraordinary taxes for county purposes," are as follows:

"From and after the passing of this Act, the Justices of the Inferior Court of the respective counties in this State, or any three of the Bench of Justices of the said Court, in any county, shall have power, whenever in their opinion the exigencies of their respective counties may so require, to levy upon the inhabitants of any county in which the said Justices may reside, a tax extraordinary of the general State tax, and shall be authorized to have the same collected by the Tax Collector, for any county in which such tax may be levied by them: *Provided*, that nothing herein contained shall be construed to authorize the Justices, as aforesaid, to order any levy which shall exceed fifty per centum on the general State tax annually."

"Sec. 2. No extraordinary tax shall be levied and collected by the Inferior Courts, as by this Act contemplated, unless two-thirds of the Grand Jury of the county shall first recommend the same at a regular term of the Superior Court."

Reynolds *et al. vs.* Lofton *et al.* Justices, &c.

The tax in this case was "a tax extraordinary of the general State tax." If, therefore, the Justices had power to levy it, that power must have been derived from this Act, for there exists no other Act from which it could be derived. The Act of 1834, (*Pamphlet*, 234,)is for building a jail; and therefore, that Act, even if not by this time *functus officio,* is not an Act from which the power could be derived.

And, in the opinion of this Court, the power could not be derived from this Act. In the opinion of this Court, the recommendation of a tax by two-thirds of the Grand Jury must *first* be made before the power in the Justices of the Inferior to levy the tax *can exist.* The Court cannot see how to put on the Act a construction that would justify any other opinion.

And if the Justices had no power to levy the tax, it follows, of necessity, that any attempt to levy it was illegal and void. Any judgment rendered by a Court not having power to render it, is void for all purposes. (11 *Ga. R.* 455.) And if the Sheriff execute such a judgment, he is a trespasser. Case of the *Marshalsea,* (10 *R.* 76.) *Brown vs. Compton,* (8 *T. R.* 424.)

It follows, in this case, that the bond was void; and if the bond was void, then all the proceedings on the bond were also void.

The opinion of the Court being, on this question of power in the Justices such as it is, renders it unnecessary to notice the other points in the case.

There ought to be a new trial.