WILLIAM A. COUPER *et al.*, plaintiffs in error, *vs.* JAMES F. ROWE *et al.*, defendants in error.

This is a bill filed by the complainants as citizens and tax-payers of the county of Glynn, in behalf of themselves and other citizens and tax-payers of said county, against the Ordinary, Tax Receiver and Tax Collector thereof, praying for an injunction to restrain the collection of an extraordinary tax of one hundred and fifty per cent. on the State tax, for county purposes, as provided by an Act of the General Assembly, of the 11th March, 1869. The injunction was refused by the presiding Judge of the Court below, and the complainants excepted. The Act of 1869 authorizes the Ordinary of said county, by and with *the consent of two-thirds* of the grand jury, to levy an additional tax on the State tax of one hundred and fifty per cent., for county purposes, and repeals all conflicting laws. It is not pretended that, at the time this extraordinary tax of one hundred and fifty per cent. was levied by the Ordinary for county purposes, two-thirds of the grand jury of the county had consented that it should be levied, but the Ordinary claims the right to levy this extraordinary tax under the 545th section of the Code, because the grand jury at its last sitting failed to recommend said tax, or to take any action in the matter:

*Held*, That the Ordinary of Glynn county, under the general law of the State, had only the right (in case the grand jury failed or refused to recommend the levy of an extra tax, for county purposes,) to levy such tax, not *exceeding fifty per cent.* on the State tax; *provided*, the levy of such extra tax was necessary to discharge any judgment against the county, or any debt, for the payment whereof there was a *mandamus* against the county, or for the necessary current expenses of the county for that year; and that the order levying such extra tax should clearly and distinctly specify the objects for which it is levied.

*Held further*, That the Ordinary of Glynn county had no authority, without the consent of two-thirds of the grand jury, to levy the extraordinary tax of one hundred and fifty per cent., under the Act of 1869, and that the Court below erred in not granting the injunction restraining the collection of the same.

County Tax. Before Judge SESSIONS. Glynn Superior Court. December Term, 1870.

On the 1st of August, 1870, Rowe, as Ordinary of Glynn county, ordered that one hundred and fifty *per centum* be levied upon the State tax, for county purposes, for 1870, ac-

cording to section 545, Revised Code, allowing Justices of the Inferior Court to levy such tax, without a recommendation of the grand jury. The reasons for this order, recited in it, were, "it will be necessary to levy a tax, for county purposes, for the year 1870, and the grand jury, at its last session, failed to take any action or make any recommendation in the premises."

In November, 1870, Couper and others, as tax-payers of said county, and in behalf of all the tax-payers of the county, brought their bill against Rowe, as Ordinary, and against the Tax Collector and Receiver, praying an injunction against the collection of said tax, upon the following grounds: By Act of 11th of March, 1869, the Ordinary of Glynn was authorized to levy a tax of one hundred and fifty *per centum* upon the State tax, for the use of the county; *provided,* the grand jury of said county should first authorize him so to do by a vote of two-thirds of that jury. Yet, without such recommendation from the grand jury, Rowe issued said order, the Collector assessed said *per centum,* and the Tax Collector is proceeding to collect the same from the tax-payers. No statement of the financial condition of the county and the amount required to pay its liabilities for 1870, prepared by the County Treasurer, under the supervision of the Ordinary, was presented to the foreman of the grand jury, at the Spring Term of said Court, or at any time before the assessing of said tax. Wherefore, the proceeding is illegal and void.

The bill called Rowe the pretended Ordinary, but does not state why he is not the legal Ordinary. The Chancellor ordered the defendants to show cause why the injunction should not be granted. The cause was not heard till December, 1870. They showed for cause that the failure of the grand jury to make such recommendation cast upon the Ordinary the right and duty of assessing such tax as was necessary for county purposes, and exhibited the receipts of the county, from different sources, and its liabilities for that year, and

Couper *et al.* *vs.* Rowe *et al.*

said that $9,200 00, besides interest on the bonds of the county, were due in February and July, 1870, besides $10,-000 00 of bonds, to fall due in February and July, 1871, and that one hundred and fifty *per centum* upon the State tax would raise but $9,481 55.

In support of this showing, defendants presented a report signed by three persons, as the finance committee of the grand jury of the Fall Term of 1870, of the Superior Court of said county, in which they simply said that, "after investigating the Treasurer's books, we find the following statement of the Treasurer of Glynn county correct, and recommend to the Ordinary the necessity of the assessment and collection of one hundred and fifty per cent. on the State tax for county purposes;" and the affidavit of these three persons that the report was correct. Whether this report is the one aforesaid, does not appear. When defendants offered to read said report in evidence, it was objected to because it was a secret of the grand jury and ought not to be made public until the grand jury makes and publishes its general presentments. This was overruled and the report was read. They then read an affidavit from the former Treasurer, in which he affirmed that the grand jury for the former term (July, 1870) had his books and inspected them, thereby showing the financial condition of the county as shown in said books. Here defendants closed.

Complainants read the affidavit of the foreman of the grand jury, then in session, in which he affirmed that the grand jury had not acted upon said report, but had refused to do so, and that Rowe had possession of it "unlawfully." They also read an affidavit by four persons, affirming that they were of the grand jury of the July Adjourned Term, 1870, and that no statement, showing the financial condition of said county, was made to the grand jury, showing the amount of money received and disbursed during 1869, or showing the present financial condition of the county and the amount of tax required to be assessed to carry on the

financial affairs of the county. After argument had, the Chancellor refused the injunction. That is assigned as error.

HARRIS & DAVENPORT, by COLLIER & HOYT, for plaintiffs in error. County tax may be enjoined: R. Code, sec. 537; 27th Ga. R., 354; 8th, 23. The Ordinary of Glynn county cannot act without recommendation of grand jury: Acts 1869, 178; Const. 1868, Art. 11, Sec. IV. This local Act repeals conflicting laws: 8th Ga. R., 23; it repeals sec· 545 of R. Code as to Glynn county. This tax is not assessed as required by sections 544, 545 and 550 R. Code. The injunction should have been granted: 18th Ga. R., 47; 8th, 23.

HARRIS & WILLIAMS, for defendants, furnished no brief to Reporter.

WARNER, J.

The Ordinary of Glynn county had no authority, under the statement of facts disclosed by the record, without the consent of two-thirds of the grand jury, to levy the extraordinary tax of one hundred and fifty per cent. under the Act of 1869. The Ordinary, under the general law of the State, had only the right (in case the grand jury failed or refused to recommend the levy of an extra tax for county purposes) to levy an extra tax not *exceeding fifty per cent.* on the State tax; provided, the levy of such extra tax was necessary to discharge any judgment against the county, or any debt for the payment of which there was a *mandamus* against the county, or for the necessary current expenses of the county for that year: Code, sections 543, 545.

And the order of the Ordinary levying such extra tax should clearly and distinctly specify the objects for which such extra tax was levied. It is also the duty of the Ordinary of the county to see that by the time of the organization of the grand jury, there has been prepared by the County

Treasurer, under his supervision, a statement of the financial condition of the county, and the amount of tax required to discharge the county liabilities for that year, which should be presented by the Treasurer to the foreman of the grand jury, on the first day of the Court for their inspection: Code, 544. It was error in the Court below to refuse the injunction restraining the collection of the extraordinary tax of one hundred and fifty per cent. as prayed for in the bill of the complainants.

Let the judgment of the Court below be reversed.