Barlow *et al. vs.* The Ordinary of Sumter county.

W. J. BARLOW *et al.*, plaintiffs in error, *vs.* THE ORDINARY OF SUMTER COUNTY, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.

1. The Ordinary now stands in the place of the Justices of the Inferior Court, and has the same power and authority, under the Code, to levy an extraordinary tax for county purposes as they formerly had, and has no other or greater power or authority to do so. (R.)

2. The Ordinary has the power and authority, under the provisions of the 536th section of the Code, to levy a tax sufficient to carry into effect the provisions of the 530th and 531st sections, in relation to the erection and keeping in repair the public buildings of the county, etc., without the recommendation of the grand jury ; but when the extra tax is levied for any of the purposes specified in said two sections, the order of the Ordinary should clearly and distinctly state the object [and purpose for which it is levied. (R.)

3. In all other cases, the Ordinary has no power or authority to levy an extra tax on the general State tax, for county purposes, unless two-thirds of the grand jury shall so recommend, and then the extra tax is not to exceed fifty per cent. upon the amount of the State tax for the year it is levied. (R.)

4. If there is no grand jury impanneled, or if they adjourn without taking any action thereon, or refuse to make such recommendation sufficient to discharge any judgment obtained against the county, or any debt for the payment whereof there is a *mandamus*, or the necessary current expenses for the year, the Ordinary may levy the necessary tax, not to exceed fifty per cent. on the State tax for that year, without the recommendation of the grand jury. (R.)

5. Fifty per cent. is the limit prescribed for the levying an extra tax, with the recommendation of the grand jury, and the Ordinary cannot exceed that amount without it, and the order of the Ordinary, in all cases, should distinctly specify the object and purpose for which the extra tax is levied. (R.)

6. The securities upon a tax collector's bond, payable to the Governor of the State, conditioned for the faithful performance of his duty in the collection of the general tax of the State, are not liable to the Ordinary for the failure of the tax collector to collect and pay over the county tax. (R.)

7. Where the money claimed as a tax is not a tax, under any provision of the Code, because illegally assessed as such, there may be judicial interference to prevent its collection. (R.)

Illegality. Tax. County matters. Bond. Judicial interference. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1872.

Barlow *et al. vs.* The Ordinary of Sumter county.

W. A. HAWKINS; A. R. BROWN, for plaintiffs in error.

W. B. GUERRY; N. A. SMITH, for defendant.

WARNER, Chief Justice.

1. On the 27th day of March, 1868, Wheeler, as tax collector of Sumter county, together with the other defendants, as his securities, executed their bond payable to R. B. Bullock, Governor of Georgia, and his successors in office, for the faithful performance of his duty as such tax collector during the time he should continue in office, or discharge any of the duties thereof. Wheeler continued in office under said appointment until after the year 1870, and then died; the exact time of his death, does not appear in the record. Subsequent to the death of Wheeler, however, the Ordinary of Sumter county, on the 9th day of November 1871, issued an execution against Wheeler, as tax collector, and his securities on said bond, for the sum of $7,879 44, reciting that he was in default that amount to the county of Sumter, in not paying over the tax assessed for the year 1870, for county purposes. This execution was levied on the property of the defendants, when the securities of Wheeler filed an affidavit of illegality thereto, on the several grounds as set forth in the record. The plaintiff demurred to the defendant's affidavit of illegality, which demurrer was sustained by the Court upon all the grounds taken, except the one that there could be no judicial interference in case of payment in full, on a proper case made, but dismissed the affidavit of illegality; whereupon, the defendants excepted. One of the grounds of illegality taken in the affidavit, which the demurrer admits, is that the Ordinary of said county of Sumter had no authority to levy an extraordinary tax for county purposes, on the general State tax for the year 1870, until after such a tax had been recommended by two-thirds of the grand jury of said county, and that the tax levied for the year 1870, was for one hundred and fifty per cent. and without any recommendation of the grand jury

of said county, and that said tax was levied long after the defendant signed said bond. The Ordinary now stands in the place of the Justices of the Inferior Court, and has the same power and authority under the Code, to levy an extraordinary tax for county purposes, as the Justices of the Inferior Court had, and no other, or greater power or authority, to do so.

2. The Ordinaries in the respective counties in this State have the power and authority, under the provisions of the 536th section of the Code, to levy an extra tax sufficient to carry into effect the provisions of the 530 and 531st sections of the Code, in relation to the erection and keeping in repair the public buildings of the county, etc., without the recommendation of the grand jury, but when the extra tax is levied for any of the purposes specified in the 530th and 531st sections, the order of the Ordinary levying such extra tax should clearly and distinctly state the object and purpose for which it is levied.

3. In all other cases, however, the Ordinary has no power or authority to levy an extra tax on the general State tax for county purposes, unless two-thirds of the grand jury shall so recommend, and then the extra tax is not to exceed fifty per cent. upon the amount of the State tax for the year it is levied : Code, 543.

4. If, however, from any cause, there is no grand jury impanneled, or they adjourn without taking any action thereon, or refuse to make such recommendation sufficient to discharge any judgment obtained against the county, or any debt, for the payment whereof there is a *mandamus,* or the necessary current expenses of the year, the Ordinary may levy the necessary tax, not to exceed fifty per cent. on the State tax for that year, without the recommendation of the grand jury. Fifty per cent. is the limit prescribed for the levying an extra tax, *with* the recommendation of the grand jury, and the Ordinary cannot exceed that amount *without* it, and the order of the Ordinary, in *all cases,* should distinctly specify the object and purpose for which the extra tax is levied : Code, 550.

5. The tax levied by the Ordinary of Sumter county for the year 1870, for county purposes, being an extraordinary tax, was levied without the recommendation of the grand jury, as required by law, and being for one hundred and fifty per cent. on the general State tax, was an illegal and void tax, for which the defendants were not liable on their bond : *Reynolds vs. Lofton*, 18 *Georgia Reports*, 47. The Ordinaries in this State have not a roving commission to levy and collect taxes from the people without authority of law, but can only do so in the manner prescribed by *the law*, which should be the governing rule for their conduct in levying taxes for county purposes, in all cases. In our judgment, the original and amended affidavit of the defendants, as to the payment of the tax to the county, was sufficient, and that the Court erred in sustaining the demurrer thereto. The averments of payment were sufficient to have formed an issue thereon to have been submitted to the jury.

6. But there is still another view of this case, which is fatal to the right of the plaintiff to recover the county tax from the defendants on this bond. This is a bond executed to the Governor for the faithful performance of the duties of a tax collector in the collection of the general tax of the State, and not for the collection of the county tax, for which it is now sought to make the defendants liable. By the 933d section of the Code, the tax collector is required to give two bonds : one for the collection of the State tax, and another bond, with sufficient security, payable to the Ordinary, conditioned for the faithful performance of his duties as collector of the county tax, in a sum to be fixed by the Ordinary. The Ordinary has the same remedy to enforce the collection of the county tax on this latter bond against the tax collector and his securities thereto as the Comptroller General would have against the collector for State taxes, when in default: Code, 556. The securities to the bond, set forth in the record, never obligated themselves that their principal should faithfully collect and pay over the county tax for 1870, or any other year, but only obligated themselves that their principal should faithfully per-

form his duties as tax collector in collecting and paying over the State tax, and it is alleged in the affidavit that he did collect and pay over to the State all taxes due the State, in compliance with his said bond. The 3618th section of the Code declares, that no replevin shall lie, nor any judicial interference be had in any levy or distress for taxes, under the provisions of this Code, but the money sought to be collected in this case is not for any tax legally imposed, under any provision of this Code, or of any other Code which, in law, would bind the people of Sumter county to pay it, or the defendants, as the securities of the tax collector, to refund it.

7. The money claimed as a tax is not a tax, under any provision of the Code, because illegally assessed as such, and is simply void as a tax, and cannot be enforced: *Reynolds vs. Lofton*, 18 *Georgia Reports*, 47.

Let the judgment of the Court below be reversed.