SEABOARD AIR-LINE RAILWAY Co. *v.* WRIGHT, comptroller-general.

ATKINSON, J. The Civil Code (1910), § 507, provides: "When debts have accumulated against the county, so that one hundred per cent. on the State tax, or the amount specially allowed by local law, can not pay the current expenses of the county and the debt in one year, they shall be paid off as rapidly as possible, at least twenty-five per cent. every year." The Civil Code (1910), § 508, provides: "The ordinaries have power to raise a tax for county purposes, over and above the tax they are hereinbefore empowered to levy, and not to exceed fifty per cent. upon the amount of the State tax for the year it is levied; provided, two thirds of the grand jury, at the first or spring term of their respective counties, recommend such tax." *Held:*

(*a*) The levy of a tax for the purposes specified in section 508 can not exceed fifty per cent. of the State tax. This limit extends to current expenses. *Waller* v. *Perkins,* 52 *Ga.* 233; *McMillan* v. *Tucker,* 154 *Ga.* 154 (4, 9) (113 S. E. 391); *Carter* v. *Shingler Realty Co.,* 157 *Ga.* 118 (2) (120 S. E. 784). See also *Tucker* v. *Justices,* 34 *Ga.* 370; *Barlow* v. *Ordinary,* 47 *Ga.* 639.

(*b*) The tax assessment in this case did not purport to levy a tax to pay current expenses and debts of the county as authorized by the Civil Code (1910), § 507.

(*c*) Applying the above principles, the Court of Appeals erred in affirming the judgment of the trial court rendered against the illegality.

*Judgment reversed. All the Justices concur, except*

BECK, P. J., dissenting. For the reasons stated in the opinion by the Court of Appeals, I am of the opinion that the judgment should be affirmed.

No. 4392. SEPTEMBER 23, 1925.

Certiorari; from Court of Appeals. 32 *Ga. App.* 256.

On August 17, 1922, the comptroller-general of the State issued a writ of fieri facias against the Seaboard Air-Line Railway Company for a stated amount "as balance of its taxes for the year 1921, due the County of McIntosh . . for county purposes." A levy was duly made, and the defendant interposed an affidavit of illegality. The alleged grounds of illegality were, that on October 4, 1921, the board of commissioners of the county by resolution levied a tax upon all the taxable property in the county for the year 1921

for purposes as were specified in separate items which included "3. For court expense 1-1/2 mills." "4. Salaries and commissions 1 mill." "8. Miscellaneous purposes 1-1/2 mills;" that the tax levied by the State for the year 1921 was 5 mills; that the three above-quoted items aggregated 4 mills, which is 1-1/2 mills in excess of fifty per cent. of the State tax for the year 1921; that said three items "are items of general current expense of the county," and the said excess over the fifty per cent. of the State tax is illegal, because the county was not authorized by law to levy an amount exceeding fifty per cent. of the State tax for said purposes; that the defendant has paid all other taxes assessed against it and all of the said 3 items except the said excess of 1-1/2 mills, which it refused to pay because it was illegal for the reasons above stated; that, the State levy being for 5 mills, the county could not levy exceeding 2-1/2 mills upon each dollar of the taxable property "for general county purposes, including the three items above set forth." The illegality was duly returned, and by consent the case was tried by the judge without a jury. At the trial evidence was introduced, and it was admitted by both sides in open court that "miscellaneous purposes" as employed in item eight of the tax levy "was used to cover the 9th subdivision of section 513 of the Code of Georgia of 1910, reading 'to pay any other lawful charge against the county.'"

A judgment was rendered against the illegality, and the railway company excepted. The Court of Appeals affirmed the judgment of the trial court. In a petition for certiorari assigning error upon the judgment of the Court of Appeals it is alleged that the judgment is contrary to law, because: (a) The resolution establishing the tax rate shows upon its face the purposes for which the tax was levied and the amount of tax levied for each purpose, and that the aggregate of these amounts exceeded the amount authorized by law for said purposes. (b) The question of whether the aggregate of said three items was in excess of the amount authorized by law is a question of law, and not a question of fact. (c) The maximum amount authorized by law on the said three items of taxation is in the aggregate 2-1/2 mills; and the evidence showing that the amount actually levied for said purposes was 4 mills, the said levy was for 1-1/2 mills in excess of the amount authorized by law.

(d) The affidavit of illegality does "show that the levy of the tax for these items was excessive upon the ground urged."

*Conyers & Wilcox,* for plaintiff in error.

*Tyson & Tyson,* contra.