PARKER *vs.* CHESTNUTT *et al.*, executors.

1. Where a testator made a devise of certain lands, and at the time of his death an action of ejectment was pending in his favor to recover a portion of such lands, upon which the county authorities of the county where they were located had erected a bridge and opened approaches thereto, which action was subsequently compromised by the payment of a certain sum of money to the executors, the devisees of the land were entitled to have the amount so received paid to them; and upon a bill for direction filed by the executors it should have been so decreed.

2. Rents accruing during the year in which the testator died did not follow the land and belong to the devisees thereof, but formed a part of the *residuum* of the testator's estate.

March 2, 1888.

Wills. Devises. Legacies. Rents. Emblements. Before Judge BOWER. Decatur superior court. May term, 1887.

Reported in the decision.

D. A. RUSSELL and O. G. GURLEY, for plaintiff in error.

DONALSON & HAWES and MASTON O'NEAL, *contra.*

BLANDFORD, Justice.

The defendants in error, as the executors of Felix G. Arnett, filed their bill in the superior court of Decatur county, for direction; and the bill substantially makes this case: Certain lands lying on the Flint river were devised to the plaintiff in error by the will of Arnett. At the time of Arnett's death, in June, 1886, there was an action of ejectment pending in the name of Arnett against the county of Decatur to recover certain land upon which the county authorities had erected a bridge and opened approaches to the bridge, this land being a part of the land devised to the plaintiff in error. The action of ejectment was compromised, the county of Decatur paying the executors $1,250. It furthermore appears from the bill that there were certain rents due for the year of the testator's death for lands devised to the plaintiff in error, the testator having rented these lands to certain parties for that year. The bill prayed direction as to the disposition of these funds. The court gave direction, decreeing as follows, to-wit :

"That the complainants, the executors of the last will and testament of Felix G. Arnett, apply the net proceeds of the rents and crops mentioned in said bill to the residue of said estate; also the $1,250 realized from the compromise of the litigation regarding the bridge mentioned in said bill, be applied to the residue of the estate; it being the judgment of the court that all of said funds properly belong to the residue of said estate, under the will of Felix G. Arnett."

To this decree the plaintiff in error excepted.

1. We are of the opinion that the devisees of this land, upon which the county of Decatur had erected the bridge, were entitled to have paid over to them the $1,250 paid

by the county to the executors for that easement; and the court ought to have so directed.

2. As to the rents, we think the court below directed right. The rents accrued during the year the testator died, and we think were a part of his personal estate and did not follow the land. In the case of a life tenant who dies during the year, the remaindermen or reversioners are not entitled to the emblements; and we think this is a similar case. We think these rents should go to the *residuum* of the estate and be distributed according to the residuary clause of the will.

The judgment of the court below is therefore reversed as to the first point stated, and affirmed as to the second.