HOLLIDAY *et al.* v. PRICE *et al.*

1. As a general rule, a specific devise of lands carries with it to the devisees the income, profits, or increase of the specific legacy from the date of the testator's death.
2. The trial court erred in holding that the rents of the land devised went to and belonged to the estate of the testator.

MAY 16, 1917.

Complaint. Before Judge Walker. Wilkes superior court. June 18, 1916.

*William Wynne* and *Colley & Colley,* for plaintiffs.

*R. C. Norman,* for defendants.

HILL, J. P. J. Holliday and others brought suit against J. M. Price as executor of the last will and testament of T. A. Nash, in order to determine whether the devisees of a specific devise of land were entitled to the rents and profits of the land from the date of the death of the testator. The plaintiffs sought to recover the value of 2500 lbs. of rent cotton collected by the executor. By agreement the case was heard by the trial judge, without the intervention of a jury, upon the following agreed statement of facts: "T. A. Nash died April 28, 1915, leaving a will. A certain tract of land was left to Holliday et al. This land had been rented, the previous fall, by testator to a tenant for a certain cotton rent. The executor, some four or five months after testator's death, assented to the vesting of the legacy. The rent was 2500 lbs. of lint-cotton and brought $250.00. The material portions of said will, relating to the case, are as follows: 'Item 3. I give and bequeath to my grandson, Paul F. Williamson, the sum of four hundred dollars in full of his share of my estate. Item 4. I give and bequeath to Mrs. Elizabeth Holliday all the real estate my wife, Alice Nash, had at the time of her marriage to me, consisting of 225

acres of land eleven miles east of Washington, Ga., her part of the estate of her father in land. Item 5. The rest of my estate I give to my wife, Minnie Edwards Nash, and to my four children, Elizabeth C. Glaze, Lucy T. Z. Zellars, Mahala F. Price, and Ried T. Nash, each to share alike. Item 6. I hereby appoint John M. Price executor of my last will and testament, and that he execute this without legal process or making any returns to the Ordinary. Codicil. I, Thomas A. Nash, of said State and county, make this codicil for my will made and executed July 27, 1910. The property bequeathed in Item 4 of said will to Mrs. Elizabeth Holliday I desire and will shall be hers as long as she lives, and at her death to go to Flora Holliday, P. J. Holliday, W. Z. Holliday, and Oma W. Holliday equally. If I should outlive Elizabeth Holliday, said property described in said item 4 I will at my death to four legatees aforesaid, mentioned above.' (Mrs. Elizabeth Holliday died before testator.)" The court below held that the rent of the land (the 225 acres devised by item 4 and the codicil) for the year 1915 went to and belonged to the estate of the testator, and did not pass under the will to the plaintiffs. To this judgment the plaintiffs excepted.

The trial judge evidently followed the decision in the case of *Parker* v. *Chestnutt*, 80 *Ga.* 12 (5 S. E. 289), where it was held that "Rents during the year in which testator died did not follow the land and belong to the devisees thereof, but formed a part of the residuum of the testator's estate." This is the only Georgia case cited by the defendant in error in support of the decision of the trial judge. The *Parker* case is a full-bench decision. No authority is cited in support of the decision. It was rendered in 1887, while the Code of 1882 was of force. Section 2459 of the Code of 1882 provided that "The income, profits, or increase of specific legacies, as a general rule, go with the legacy, though the time of enjoyment or of vesting may be postponed." This section of the Code of 1882, appearing in former codes, has been carried forward in all the codes subsequently published. It will be found in the Code of 1910 as section 3903, which is identical with the section of the Code of 1882 above quoted, except that the word "profits" is used in the singular number in the Code of 1910. The distinguished judge who wrote the opinion of the court in the *Parker* case (supra) said: "In the case of a life-tenant who dies

during the year, the remaindermen or reversioners are not entitled to the emblements; and we think this is a similar case." His decision appears to have been based on this supposed analogy, and the applicability of the section above quoted from the Code of 1882 was overlooked, as well as the earlier decisions of this court in the following cases, which hold in accordance with the code section quoted, and contrary to the ruling in the *Parker* case, namely: *Graybill* v. *Warren,* 4 *Ga.* 528; *Beal* v. *Crafton,* 5 *Ga.* 301; *Rachels* v. *Wimbish,* 31 *Ga.* 214. There being an irreconcilable conflict between the decision in the *Parker* case and the *Graybill, Beal,* and *Rachels* cases, the latter, being the older, must prevail, according to the rulings of this court. In the *Graybill* case it was held: "Whatever produce accrues upon a specific legacy, as interest, rent, hire, or in any other form of profit, from the death of the testator, and nothing more or less, belongs to the legatee, and that whether the enjoyment of the principal is postponed or not." And the other cases cited are to the same effect. There is nothing in the present case to take it out of the general rule laid down in the earlier decisions and the section of the code cited. Applying the principle decided in those cases to the facts of the present case, the trial judge erred in holding that the rent of the land for the year 1915 belonged to the estate of the testator and did not pass under the will to the legatees.

*Judgment reversed. All the Justices concur.*