## SEABOARD AIR-LINE RY. CO. *v.* WRIGHT, comptroller-general.

1. The expression "current expenses," as used in section 507 of the Civil Code, and the expression "county purposes," in section 508, are not the same "in meaning and effect." Current expenses all fall under the head of county purposes, within the meaning of the latter expression as used in section 508; but there are certain county purposes for which a tax may be levied by the county authorities that are not current expenses.

2. Items 3, 4, 5, 6, and 7 of section 513 of the Civil Code fall under the head of "current expenses;" that is, the county authorities may levy a tax for the purpose of paying the legal fees of sheriffs or other officers of the county, to pay the expenses of the county for bailiffs at courts, for non-resident witnesses in criminal cases, fuel, servant hire, stationery and the like, the per diem compensation of jurors, and to pay expenses incurred in supporting the poor of the county, as prescribed in the Code; whereas items 8 and 9 of section 513 may or may not fall under the head of "current expenses." Taxes to pay charges for educational purposes become a current expense where the county adopts or has adopted a system of schools provided for in the laws of this State upon that subject, so that the necessary funds for maintaining the system are to be annually and regularly raised by county-wide taxation. And item 9 of section 513, that is, to pay "any other lawful charge against the county," may or may not fall under the head of "current expenses," accordingly as the county purposes for which the tax there specified is levied is a regular, ordinary expense or not.

3. All of the items of taxation included in section 513 of the Civil Code are included within the term "county purposes."

4. Taxation for the following items, to wit, "(a) to pay 'court expense,' (b) to pay 'salaries and commissions,' and (c) to pay 'any other lawful charge against the county,'" classified with reference to the head

under which each falls,—that is, whether under the head of "current expenses" or "county purposes."

5. A tax for the purpose of paying accumulated indebtedness, as allowed under section 507 of the Civil Code, cannot be lawfully levied under item 9 of section 513, which authorizes a levy "to pay any other lawful charge against the county."

No. 3848.   FEBRUARY 27, 1924.

The Court of Appeals (in Case No. 14161) requested instructions from the Supreme Court upon the following questions involved in this case:

1. Is the phrase or expression "current expenses," as employed in section 507 of the Civil Code, the same in meaning and effect as "county purposes," as used in section 508? (*Sullivan* v. *Yow,* 125 *Ga.* 326, 328, 54 S. E. 173.)

2. If question No. 1 should be answered in the affirmative, can a tax under section 508 be lawfully levied for "county purposes" up to 50 per cent. of the amount of the State tax, although there is made at the same time a levy for "current expenses" included within the amount permitted by section 507 for accumulated indebtedness and current expenses; in other words, if "current expenses" and "county purposes," as used in the two sections, are intended to include the same items of taxation, can the authority conferred by these two sections of the code in any case be considered as combined so as to permit a levy for these purposes in excess of the 50 per cent. maximum provided by section 508?

3. If question No. 1 should be answered in the negative, what items of taxation enumerated in section 513 of the Civil Code are included within the term "current expenses," and what items as so enumerated are included within the term "county purposes"?

4. If the court answers that a tax for "current expenses" is the same as a tax for "county purposes," which, if any, of the following items of a county tax levy as made, to wit, (a) to pay "court expense," (b) to pay "salaries and commissions," and (c) to pay "any other lawful charge against the county," fall within that classification?

5. If the court answers that a tax for "current expenses" is not the same as a tax for "county purposes," under which (if either) of these classifications does each of the following items of a tax levy fall, to wit: (a) to pay "court expense," (b) to pay "salaries and commissions," and (c) to pay "any other lawful charge against the county"?

6. May a tax for the purpose of paying accumulated indebtedness, as allowed under section 507 of the Civil Code, be lawfully levied under item 9 of section 513 of the Civil Code, authorizing a levy "to pay any other lawful charge against the county;" in other words, may an item of a county-tax levy to pay any other lawful charge against the county be construed as including a tax for accumulated indebtedness?

7. If the last preceding question should be answered in the negative, would the answer be the same if it is shown by the parol evidence of the chairman of the board of county commissioners who levied the tax that the tax levied under this classification—that is, to pay any other lawful charge against the county—was intended as a tax for the purpose of paying an existent accumulated indebtedness?

*Conyers & Wilcox,* for plaintiff in error.

*Tyson & Tyson,* contra.

BECK, P. J. 1. The first question submitted by the Court of Appeals is: "Is the phrase or expression 'current expenses,' as employed in section 507 of the Civil Code, the same in meaning and effect as 'county purposes,' as used in section 508?" This court is of the opinion that the expressions "current expenses" and "county purposes," as used in sections 507 and 508, respectively, of the Civil Code, are not the "same in meaning and effect." To hold that they are the same in meaning and effect would be, of course, to hold that they are equally comprehensive, and that all of the purposes for which a tax levy could be made to meet county purposes would authorize a levy to pay current expenses. Current expense comes within the scope of the meaning of the other expression, county purposes, but is not coextensive with it. Current expenses are confined to expenses for which a tax can be lawfully levied during the current year. "Where a county is without funds to carry on its affairs, a liability for a legitimate current item of expense may be incurred, provided that at the time of incurring the liability a sufficient sum to discharge the same can be lawfully raised by taxation during the current year." *Wright* v. *So. Ry. Co.,* 146 *Ga.* 581 (91 S. E. 681). A tax not exceeding 100 per cent. of the State tax to pay accumulated debts and current expenses of the county may be levied by the county authorities without reference to a recommendation of the grand jury. *Wright* v. *So. Ry. Co.,* supra. It may be

said generally that "current expenses" include the ordinary expenses of the county arising during the year for which the tax is levied, and "county purposes" include all purposes for which county taxation may be levied; that is, the ordinary expenses of the county and the unusual and extraordinary expenses as well.

2. As the first question is answered in the negative, no answer is desired by the Court of Appeals to the second question; and the next question to be answered is, "What items of taxation enumerated in section 513 of the Civil Code are included within the term 'current expenses,' and what items as so enumerated are included within the term 'county purposes'?" We are of the opinion that items 3, 4, 5, 6, and 7 of section 513 fall under the head of "current expenses;" that is, the county authorities may levy a tax for the purpose of paying the legal fees of sheriffs or other officers of the county, to pay the expenses of the county for bailiffs at courts, for non-resident witnesses in criminal cases, fuel, servant hire, stationery and the like, the per diem compensation of jurors, and to pay expenses incurred in supporting the poor of the county, as prescribed in the Code; whereas items 8 and 9 of section 513 may or may not fall under the head of "current expenses." Charges for educational purposes become a current expense where the county adopts or has adopted a system of schools provided for in the laws of this State upon that subject, and where the necessary funds for maintaining the system are to be annually and regularly raised by county-wide taxation. And item 9 of section 513, that is, to pay "any other lawful charge against the county," may or may not fall under the head of "current expenses," accordingly as the county purpose for which the tax there specified and levied is a regular, ordinary expense or not.

3. All of the items of taxation included in section 513 are included within the term "county purposes."

4. Instructions are also desired from this court upon the question as to the classification under which, if either, the following items of a tax levy fall: "(a) to pay 'court expense,' (b) to pay 'salaries and commissions,' and (c) to pay 'any other lawful charge against the county.'" Payments of the fees of sheriffs, jailers, or other officers, the expenses of the county for bailiffs at courts, non-resident witnesses in criminal cases, the per diem compensation for jurors, and similar expenses of courts, are, as said above, included

within the expression "current expenses;" but the payments of other court expenses not falling within items 3, 5, and 6 would not fall within the classification "current expenses," though they might, if lawfully incurred, come under the head of county purposes. So, "salaries and commission," if fixed by law in any county, would come under the head of "current expenses;" but where a county became liable for salary or commission which was not a part of the usual, ordinary annual expense of the county, though it might be for the county purposes, it would not be a part of the current expenses. As to the proper qualification of "any other lawful charge against the county," see the answer to the next preceding question.

5. We are of the opinion that the 6th question propounded by the Court of Appeals should be answered in the negative. Subdivision 1 of section 513 is intended to cover and does cover the entire item of a tax levy "to pay the legal indebtedness of the county due, or to become due during the year, or past due." Under the terms "due" and "past due" is embraced, necessarily, the "accumulated indebtedness" of the county. Indebtedness of the county "due" or "past due" may possibly be more extensive, in the last analysis of those expressions, than "accumulated indebtedness," but "accumulated indebtedness" cannot be more extensive than the aggregate of the indebtedness which is due and that which is past due. And consequently a tax for the purpose of paying "accumulated indebtedness" is provided for exclusively under subsection 1 of section 513 of the Civil Code; and it follows that a tax for the purpose of paying accumulated indebtedness, as allowed under section 507 of the Civil Code, cannot be lawfully levied under item 9 of section 513, which authorizes a levy "to pay any other lawful charge against the county."

And the answer to the last question considered cannot be changed, though there was "parol evidence of the chairman of the board of county commissioners who levied the tax, that the tax levied under this classification—that is, to pay any other lawful charge against the county—was intended as a tax for the purpose of paying an existing accumulated indebtedness." *All the Justices concur.*