### ALMAND et al. v. BOARD OF EDUCATION OF LAURENS COUNTY et al.

1. Under par. 1 of sec. 4 of art. 8 of the constitution of this State, as amended on November 2, 1920, "Authority is granted to the counties" of this State "upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation;" and "the proper county authorities whose duty it is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect taxes for the support of public schools under its control, not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent local systems." Civil Code (1910), § 6579; Acts 1903, p. 23; Acts 1919, p. 66; 10 Park's Code Supp. 1922, § 6579.

2. Under the plain meaning of the foregoing provision in the constitution, the taxes therein provided for can only be levied upon "all taxable property of the county outside of independent local systems" for the support of county schools under the control of county boards of education. *Smith* v. *Board of Education of Washington County*, 153 *Ga.* 758 (113 S. E. 147); *Glenn* v. *Trion Co.*, 157 *Ga.* 639 (122 S. E. 52); *Warthen* v. *English*, 158 *Ga.* 210 (123 S. E. 137).

3. Section 1 of the act approved August 19, 1922 (Acts 1922, p. 81), provides "That power is hereby delegated to and conferred upon the several counties of this State to levy and collect taxes for educational purposes, in such amounts as the county authorities shall determine, the same to be appropriated to the use of the county board of education, and the educational work directed by them." This statute, dealing with the subject of taxation, is to be interpreted in the light of the fundamental restriction upon taxation imposed by the above provision of the constitution of this State, and will not be given a construction which violates such constitutional provision. *Penick* v. *Foster*, 129 *Ga.* 217 (6) (58 S. E. 773, 12 L. R. A. (N. S.) 1159, 12 Ann. Cas. 346). So construing this statute, it does not authorize the county authorities of Laurens County to levy a tax upon taxable

---

Schools and School Districts 35 Cyc. p. 999, n. 73; p. 1004, n. 25; p. 1037, n. 62.

property within the independent school district existing in the City of Dublin, for the support of the public schools of that county under the control of its county board of education. The decision in *Hanks* v. *D'Arcy*, 156 *Ga.* 55 (118 S. E. 656), holding to the contrary of what is above ruled, is, upon review by this court, overruled.

4. Applying the above principles, the trial judge erred in not granting the injunction prayed.

No. 4783. February 24, 1926.

Petition for injunction. Before Judge Camp. Laurens superior court. January 31, 1925.

Certain citizens and taxpayers of the City of Dublin in Laurens County brought suit against the board of education of the county, the commissioners of roads and revenues of the county, and other county officers. The petition alleges that the City of Dublin has an independent school system established and conducted by the municipality under lawful authority. Paragraph 4 of the petition alleges that the county authorities are now employing a county demonstration agent, a home demonstration agent, and three vocational teachers "under the provisions of the acts of Congress approved May 8, 1914, the State's acceptance of the same approved August 14, 1914, and under the provisions of the vocational educational act of Congress of February 23, 1917, and acts of Georgia approved August 21, 1917, and the county is paying its proportional part of the salaries of said agents and teachers." It also alleged that the county commissioners, on recommendation of the county board of education, have levied a tax for 1924, as follows: "County-wide for vocational high schools in consolidated schools, vocational, agricultural, and domestic science and art, 2-1/2 mills." It is conceded in the petition that a county-wide tax could be levied for the purposes stated above in paragraph 4 of the petition, and that no attack is made on so much of the above-quoted tax levy as will be necessary to be applied to the purposes mentioned in paragraph 4, it being stated that $5000 will be sufficient for that purpose, whereas the levy of 2-1/2 mills as made would produce more than $24,000; and that the tax levy is excessive and exorbitant in so far as it will produce the last-named amount. Other allegations are that the said excess is intended to be used in paying the teachers other than those referred to in paragraph 4, in the county outside the separate district of Dublin; that the

county board of education is thus unlawfully seeking to raise money in the City of Dublin to support a separate local school system in the county, and to such extent the levy and application of the tax is illegal and should be enjoined. The defendants filed a demurrer to the petition; and the board of education, the tax-collector, and the sheriff filed an answer, alleging that the tax levy was made in pursuance of Georgia Laws 1922, p. 81, and was made independent and without reference to the act of Congress referred to in the petition, that under the act of the legislature the county authorities are authorized to make said levy, collect the tax, and use the proceeds for educational purposes in the county without reference to the act of Congress, and that the plaintiffs have no ground of complaint. The case was submitted to the judge upon the pleadings, and he refused to grant an interlocutory injunction. The plaintiffs excepted.

*C. C. Crockett,* for plaintiffs.

*E. L. Stephens* and *Burch & Daley,* for defendants.

HINES, J. (After stating the foregoing facts.) In the City of Dublin there is a lawfully established independent school system. This independent school system embraces all the territory and all taxable property within the municipal limits. The county commissioners of Laurens County, on the recommendation of the county board of education, levied a tax for 1924: "County-wide for vocational high schools in consolidated schools, vocational, agricultural, and domestic science and art, 2-1/2 mills." This tax is being enforced against all the taxable property within the city limits of Dublin. The plaintiffs, who own property within the city limits of Dublin, filed their petition to enjoin the collection of this tax on their said property, upon three grounds. The first ground of their attack upon this tax levy is, that it will produce a revenue of $24,000, while the sum of $5,000 only is necessary for the purpose for which this tax was levied; and that it is the purpose of the county board of education to use the excess in conducting the common schools of the county. In consequence of this fact the plaintiffs allege that this tax is grossly excessive for the purpose for which it was levied. The second ground of attack on this tax levy is, that the resolution of the county commissioners levying this tax unlawfully imposes a tax upon the property of the plaintiffs in

58

Dublin, if it be held to put a tax upon their property in that city. The third ground of attack is, that "Any resolution or law purporting to authorize such action is illegal and unconstitutional and violative of article 8, section 4, paragraph 1, of the constitution of the State of Georgia, Code 6579."

We shall deal only with the following questions. The first is whether this tax has been levied upon taxable property within the Dublin independent school district. The second is, if this tax has been so levied, can it be lawfully so levied? The answers to these questions depend upon the proper construction of the resolution of the county commissioners making the levy, and of the act of August 19, 1922, entitled "An act to confer upon the several counties of this State the authority to levy taxes for educational purposes, to provide for the employment and pay of county agents, and home-demonstration agents, to provide for the employment and payment of agricultural teachers and home-economics teachers in the vocational high schools of the State, and for other purposes." We shall deal with both of these questions together. Was this tax levy lawful? Is there any law of this State which authorizes the several counties of this State to levy a tax upon taxable property within the limits of an independent school system, for the maintenance of public schools in the county outside of such independent school system? It is insisted that this authority is conferred upon these county authorities under the above act of August 19, 1922. The first section of that act is as follows: "That power is hereby delegated to and conferred upon the several counties of this State to levy and collect taxes for educational purposes, in such amounts as the county authorities shall determine, the same to be appropriated to the use of the county board of education, and the educational work directed by them." Does this section confer this authority? This involves a proper construction of this act. This statute does not in so many words authorize this levy. It simply authorizes "the several counties of this State to levy and collect taxes for educational purposes, in such amounts as the county authorities shall determine." It does not attempt to fix the property upon which said tax can be levied. The grant is "to levy and collect taxes for educational purposes." It is a familiar rule of statutory construction that a statute is never to

be construed in a way that will render it unconstitutional, if it will admit of another construction under which it can be constitutionally upheld. *Smith* v. *Evans,* 125 *Ga.* 109, 112 (53 S. E. 589); *Griffin* v. *Sanborn,* 127 *Ga.* 17 (4) (56 S. E. 71); *Stewart* v. *Cartwright,* 156 *Ga.* 192, 197 (118 S. E. 859). This statute is fairly and properly susceptible of a construction that a grant to "the several counties of this State" of the authority "to levy and collect taxes for educational purposes," means that the levy shall be upon such property as is subject to taxation for the purpose intended. This construction will render the statute constitutional. The construction that the statute confers authority to levy a tax for educational purposes, upon all property situated in the county, would render the act unconstitutional, as will be later shown.

Furthermore, a statute, in so far as it deals with the subject of taxation, is to be interpreted in the light of the fundamental restrictions upon taxation, imposed by the constitution of the State. So it has been held by this court that a general grant of the power of taxation will not authorize a tax upon public property and the various instrumentalities of government. *Penick* v. *Foster,* supra. So we have a statute, enacted under constitutional authority, which exempts from taxation places of religious worship, places of burial, all institutions of purely public charity, all buildings erected for and used as a college, incorporated academy, or other seminary of learning, the real and personal estate of any public library, and any other literary association used by or connected with such a library, all books, philosophical apparatus, paintings and statuary of any company or association, kept in a public hall, and not held as merchandise, or for the purpose of sale, gain, or private or corporate profit or income. Civil Code, §§ 998, 6554. So all funds or property held or used as an endowment by colleges, incorporated academies, or seminaries of learning, provided the same is not invested in real estate, if such institutions are open to the general public. 8 Park's Code Supp. 1922, § 998. It would hardly be held that under this general grant to the several counties to levy and collect taxes for educational purposes, the several counties could levy such a tax upon the properties exempted under the above statute. Besides, to so construe this act would make

it violate the amendment to the constitution of this State, rati-
fied November 2, 1920, which grants to counties of this State
authority to establish and maintain public schools within their
respective limits by local taxation. This amendment provides:
"The proper county authorities whose duty it is to levy taxes
for county purposes in this State shall, on the recommendation
of the board of education, assess and collect taxes for the sup-
port of public schools under its control, not less than one nor
more than five mills on the dollar of all taxable property of the
county outside of independent local systems." Acts 1919, p. 66;
Park's Code Supp. 1922, § 6579. By the plain and unambigu-
ous language of this constitutional provision, the several coun-
ties of this State can not levy a tax for educational purposes on
the taxable property within the limits of an independent school
system. Taxation in an independent school district and the funds
arising therefrom must be kept separate and distinct from coun-
ty taxation. Likewise, county taxation and the proceeds aris-
ing therefrom must be kept separate and distinct from tax-
ation in independent school systems. Taxes can not be levied
on the property subject to taxation in an independent school
system, to support country schools outside of such system, any
more than taxes can be levied on property subject to taxation,
lying outside of such independent school district, to support the
schools of the independent school system.

In *Clark* v. *Cline,* 123 *Ga.* 856 (51 S. E. 617), this court said,
speaking of the county board of education of Troup County:
"But they have no power to unlawfully give to a separate local
school system money which does not properly belong to it, nor
to misapply public funds arising from taxation." In *Pace* v.
*County Board of Education,* 150 *Ga.* 777 (105 S. E. 366), this
court held: "The board of education of a county wherein there
exist two separate and independent school districts, one com-
posed of the territory within the corporate limits of a city, the
other of all the territory in the county beyond the city limits, can
not lawfully appropriate any portion of a fund raised by local
taxation in the county district, for the establishment and main-
tenance of public schools within its limits, in payment to the
city district for the tuition of pupils residing in the county dis-
trict and attending schools of the city district." So in *Board*

*of Education of Wilkes County* v. *Butler,* 154 *Ga.* 569 (115 S. E. 10), it was decided: "The board of education of a county, in which a system of public schools is supported by local taxation, is without authority to employ one to teach agriculture in the high school of a city maintaining an independent public-school system, and to pay such teacher [out] of the funds belonging to the former system, although students from the country districts, as well as those from the city, are taught by such teacher, and although the city furnishes the class-room and laboratory for conducting such teaching." But this court has construed the constitutional amendment of 1920. In *Smith* v. *Board of Education of Washington County,* supra, this court held: "Under a proper construction of the foregoing provision of the constitution [referring to this amendment], the Board of Education of Washington County is invested with the power and authority to recommend to the Board of Commissioners of Roads and Revenue of said county the levy of a tax not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent local systems, for the support of public schools under its control." Here the exact point involved in this case was decided; and the decision was by a full bench. A construction of this constitutional provision again came before this court in *Glenn* v. *Trion Co.,* supra. In that case this court followed the construction put upon this amendment in *Smith* v. *Board of Education of Washington County,* supra, and made this ruling: "Giving the language this construction, the entire provision does not confer power on the designated officers to assess and collect the specified tax on property that is located in a duly incorporated town that has lawful authority to establish and conduct an independent local system of public schools and does conduct such system of schools." Here is a clear and distinct construction of this constitutional amendment. That case can not be distinguished from the case now in hand. It rules distinctly and unequivocally that a county can not levy a tax on taxable property within the limits of an independent school district, for the support and maintenance of country schools outside of the limits of such district. This principle was again announced in *Warthen* v. *English,* supra. But in *Hanks* v. *D'Arcy,* supra, this court made a contrary ruling.

So we have one case older than *Hanks* v. *D'Arcy,* and two younger than that case, which properly construed this constitutional provision. Besides, the constitutional provision is so plain in this respect that it hardly needs construction. In these circumstances what shall we do? It seems to us clear that we should follow the older case, which has been confirmed and fortified by two later decisions than that in *Hanks* v. *D'Arcy.* In *Calhoun* v. *Cawley,* 104 *Ga.* 335 (30 S. E. 773), it was said: "If the decision in *Dart* v. *Orme,* 41 *Ga.* 376, is in conflict with that rendered in the case first mentioned, the older, under our statute, is to be followed as the true law." In *Thomason* v. *Moore,* 139 *Ga.* 341 (3 a) (77 S. E. 155), this court again announced the same principle. It said: "If this ruling in any manner conflicts with that made in *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730 (5), 732 (48 S. E. 143), that ruling must yield to those made in the earlier decisions." Again, in *Holliday* v. *Price,* 146 *Ga.* 782, 784 (92 S. E. 533), this court announced this doctrine as follows: "There being an irreconcilable conflict between the decision in the *Parker* case and the *Graybill, Beal,* and *Rachels* cases, the latter, being the older, must prevail, according to the rulings of this court." So when we are met by an irreconcilable conflict between two decisions, the older must prevail, especially when the older case announces the true law. So upon review we overrule the case of *Hanks* v. *D'Arcy.*

The resolution in this case levied a tax "county-wide." Does this resolution authorize the collection of this tax on taxable property within this independent school district? The meaning of this language was before this court in *Smith* v. *Board of Education of Washington County,* supra. In that case this court held that it did not impose a tax upon property lying within the independent school district. The court said: "The motion adopted by the board of education, in which they voted 'a county-wide tax of five mills' for school purposes, must be construed in connection with the constitution and the official notice signed by the president and secretary of the board and served upon the commissioners of roads and revenue, which recited that the tax was levied upon the taxable property of Washington County not included in the corporate limits of the towns of Tennille and Sandersville. The words 'a county-wide tax,' thus construed, amount-

ed to a recommendation to the board of commissioners of roads and revenue that the tax levy was not to include property within the corporate limits of the named municipalities," which embraced independent school districts. So in this case we resort to the constitution to ascertain the meaning of the words "county-wide," used in the resolution imposing this tax; and construing it in view of the constitutional provision, we are to say what its meaning is. Applying this rule of construction, the meaning of this resolution is that the tax is levied upon and is to be collected from the taxable property lying outside of the City of Dublin. *Judgment reversed. All the Justices concur.*