## CENTRAL OF GEORGIA RAILWAY COMPANY v. WRIGHT, comptroller-general.

1. Under the provisions of section 513 of the Civil Code, county taxes shall be assessed to pay the legal indebtedness of the county, due, or to become due during the year, or past due; and when debts have accumulated against the county, so that 100 per cent. on the State tax, or the amount specially allowed by local law, can not pay the current expenses of the county and the debt in one year, the proper county authorities may in their discretion levy such an amount or per cent. of tax upon the taxable property of the county as will insure the payment of the debt or debts of the county within at least four years, and such a per cent. as will at the same time provide for the current expenses and thereby prevent, if possible, an increase of indebtedness or the creation of additional obligations.

(a) There is no constitutional limitation on the power of a county to levy taxes for the payment of its debts, or for the payment of obligations assumed in obtaining property or services of value which were essentially necessary in the proper administration of the county government.

(b) No recommendation by the grand jury is necessary to the levy of a tax to pay accumulated debts, nor is the recommendation of the grand jury essential to the levy of a tax for the construction of public bridges, nor for the construction of court-houses or other public buildings, nor for the levy of a road tax where such taxation is authorized by law.

2. In computing the fifty per cent. provided by section 508 of the Code, items of tax levy which require no recommendation by the grand jury are not to be considered in determining the 50 per cent. referred to in that section.

(a) Failure to comply with the provisions of section 509 of the Code, which require the ordinaries to have prepared and presented to the grand jury on the first day of the court, for inspection by that body, a statement of the financial condition of the county and the amount of tax required to pay the county's liabilities, does not affect the validity of the tax levy. *Atlanta National Asso.* v. *Stewart*, 109 *Ga.* 80 (19) (35 S. E. 73).

---

Counties, 15 C. J. p. 633, n. 37; p. 636, n. 90; p. 639, n. 20.

3. In computing the percentage of tax to be levied either under the tax authorized by section 508 or under the provisions of section 507 of the Code which provides for the speedy payment of debts as specified in subsection 1 of section 513, no extra or special taxes provided by local or general laws as fixed charges upon the particular county are to be included so as to affect or prevent the levy of such taxes as may be necessary to pay its legal indebtedness and its current expenses.

No. 5919. October 15, 1927. Rehearing denied February 28, 1928.

Certiorari; from Court of Appeals. 36 *Ga. App.* 382.

*Harris, Harris & Popper,* for plaintiff in error.

*Q. L. Williford,* contra.

Russell, C. J. In 1924 the commissioners of roads and revenues of Morgan County levied a tax of $1.70 on the $100, for county purposes, on all the taxable property in that county. The State tax for that year was 50 cents on the $100, and it will be observed that the county tax was 3.4 times as great as the State tax levy. The Central of Georgia Railway Company filed an affidavit of illegality, which was later amended, in which items 3, 4, 5, and 8 of the tax levy were attacked. The affidavit of illegality was traversed; and upon an agreed statement of facts all issues were submitted to the trial judge without the intervention of a jury. The judge found that the levy of the commissioners was legal to the extent of three times, or 150 per cent. of the amount of the State tax, but illegal to the extent of 4 mills, or 40 cents on the $100. Writs of error were sued out by both parties; and the Court of Appeals, affirming the judgment in one case and reversing the judgment sustaining in part the affidavit of illegality, sustained the levy of the commissioners as a whole. Upon review by certiorari, which we deemed proper to grant in view of the importance of the question involved, we are satisfied that the Court of Appeals reached the proper conclusion.

The levy of tax by the county authorities of Morgan County consisted of the following items: (1) Twenty-seven cents on the hundred dollars, for public road purposes. (2) Fifty cents on the hundred dollars, to pay any lawful indebtedness. (3) Eight cents on the hundred dollars, to build and repair bridges, jails, and other public buildings. (4) Thirteen cents on the hundred dollars, to pay jailor, sheriff, or other officers' fees. (5) Five cents on the hundred dollars, to pay jurors' per diem. (6) Five cents on the hundred dollars, to pay bailiffs, non-resident witnesses, stationery, servants, fuel, lights, water, for said county.

(7) Six cents on the hundred dollars, to pay expenses of the poor. (8) Six cents on the hundred dollars, for any and all other legal purposes. It was "further ordered that there be levied, assessed, and collected on all property outside the City of Madison fifty cents on the hundred dollars, for public-school purposes. The foregoing make a total of one dollar and seventy cents on the hundred dollars for county purposes."

It was agreed as follows: There was no recommendation of the grand jury as touching any portion of this levy. The board of commissioners of roads and revenues of Morgan County had no statement by the county treasurer prepared at the time of the organization of the grand jury at the spring term, 1924, of Morgan superior court, as required by section 509 of the Code. No such statement was presented by the treasurer to the foreman of the grand jury. There was no judgment against Morgan County, nor any debt for which there was a mandamus. The tax levy for the State of Georgia was fifty cents on the one hundred dollars. The fees or salaries of the following officers of Morgan County for the year 1924 were: judge of the city court of Madison, $1500; solicitor of the city court of Madison, $1200; treasurer, $500; demonstration agent, $1800. Morgan County had, prior to 1924, adopted a county-wide system of public schools under that section of the Code which provides for such adoption. The board of education of Morgan County levied a tax of 50 cents on the $100 for the maintenance of its county-wide system of public schools for 1924. Item 2 of the levy, 50 cents on the $100, to pay lawful indebtedness, was a provision to pay only the principal and accrued interest on bonds and a sinking-fund for bonds, which had been submitted to and ratified by votes of the people of Morgan County, as follows: On court-house bonds, interest, $1215; on court-house bonds, 2 bonds, $2000; on good-road bonds, $16,250; on good-road bonds, sinking-fund, $13,000; making a total of $32,465.00. Item 8 was levied for the ordinary current expenses of the county.

The defendant in fi. fa. contended that the tax levy for the year 1924 was illegal in the amount of twenty-nine cents on the $100 of taxable property; also that the judgment of the trial court was contrary to law and the evidence, for that item 2 of the levy for Morgan County for the year 1924, under which was assessed fifty cents on the one hundred dollars to pay any lawful indebtedness,

40

when added to items 4, 5, 6, and 8 of said levy, made the total tax for the payment of accumulated indebtedness and current expenses seventy-nine cents on the one hundred dollars; that even though item 2 was levied for the purpose of paying the bonded indebtedness of said county, yet under the law a bonded indebtedness is legally an accumulated indebtedness, and the total amount which could be lawfully levied for the payment of accumulated debts and current expenses is one hundred per cent. of the State tax, or twenty-five cents on the one hundred dollars of taxable property; and therefore that said judgment was erroneous in that the court did not decide that said tax levy was void to the extent of twenty-nine cents on the one hundred dollars of taxable prop-. erty. A further contention is that the judgment was erroneous for the reason that the tax of fifty cents per $100, levied on all property ·outside· of the City of Madison, for public-school purposes, is a tax for current expenses, which, added to the other items levied for current expenses designated as items 4, 5, 6, and 8, and the item for indebtedness designated as item 2, makes the total taxes levied for current expenses and for the payment of accumulated debts, without the recommendation of a grand jury, $1.29 on the $100, which exceeds 100 per cent. of the State tax by seventy-nine cents on the one hundred dollars, and the defendant therefore overpaid Morgan County to the extent of fifty cents on the one hundred dollars. Also, that the entire levy as made for current expenses is void, and the county had no authority to levy this tax, since the commissioners did not comply with section 509 of the Code, so as to be empowered to levy a tax not to exceed 50 per cent. of the State tax as provided in section 508; the defendant contending that section 510 gave no right to Morgan County to levy a tax for current expenses until section 509 had been complied with.

There is nothing in the levy, in the agreed statement of facts, or elsewhere in the record, to indicate that the commissioners of roads and revenues were attempting to proceed under the power conferred by section 508 of the Code, which provides, "The ordinaries have power to raise a tax for county purposes, over and above the tax they are hereinbefore empowered to levy, and not to exceed fifty per cent. upon the amount of the State tax for the year it is levied: Provided, two thirds of the grand jury, at the

first or spring term of their respective counties, recommend such tax." Nor do we see any reason why it is to be assumed that the levy in the present instance is based upon any power conferred by section 508. This is especially apparent when the nature of the items embraced in the levy is considered. It is apparent that the county authorities in this instance were faced with a condition which clearly brought the county within the contingency for which provision is made in the terms of section 507 of the Code. Section 507 does not purport to confer authority to levy a tax. The mandate which requires a tax in such an exigency as was presented to the commissioners in this case is embodied in the provisions of section 513, which declares: "County taxes shall be assessed for the following purposes," and then proceeds to name such purposes for which taxes shall be assessed: (1) To pay legal indebtedness. (2) To build or repair court-houses, jails, bridges, etc. (3) To pay sheriffs' and other officers' fees. (4) To pay coroners. (5) To pay certain enumerated court expenses. (6) To pay jurors. (7) To pay for the support of the poor. (8) Charges for educational purposes. (9) Any other lawful charges against the county.

It is apparent from this record that debts had accumulated against Morgan County (the assessed taxable values in which amounted to $4,489,112), where 100 per cent. on the State tax could not pay the current expenses of the county and the debt in one year; and by the terms of section 507 the duty was imposed upon the county authorities to pay them off as rapidly as possible. It is agreed that the valid debt authorized by plebescites, with provision for the interest and sinking-fund provided by law, amounted to $32,465, and a levy of 100 per cent. on the State tax would raise but $22,445.56, to say nothing of provision to be made for the current expense of the year 1924 and the necessity of funds for other county purposes. There are several reasons why it must be assumed that the county authorities in this instance did not avail themselves of the power conferred by section 508, and at least good grounds for their not availing themselves of the provisions of that section. One is that the course pursued obviated any necessity for a grand jury recommendation; this court having more than once held, beginning with the case of *Sheffield* v. *Chancy*, 138 *Ga.* 677 (75 S. E. 1112), that a recommendation by

the grand jury is not necessary for the levy of a tax to pay accumulated indebtedness under the provisions of section 507. Upon this point the ruling is controlled by the decision in *Central of Georgia Railway Co.* v. *Wright,* 165 *Ga.* 1 (139 S. E. 890), following the ruling in *Commissioners* v. *Porter Mfg. Co.,* 103 *Ga.* 613 (30 S. E. 547), in which it was held that "The limitation placed by the constitution (art. 7, sec. 7, par. 1) upon the power of . . counties of this State to incur debts does not operate in any way as a limitation upon the taxing power of such . . counties." It must be borne in mind that the ordinaries have power to raise a tax for county purposes, not to exceed fifty per cent. of the State tax, over and above the tax they are empowered to levy by section 507, but they can only exercise this power under certain conditions imposed by law; and it may well be imagined that under the circumstances in this case, or others like it, where 100 per cent. on the State tax can not pay the current expenses and the debt of the county in one year, the provisions of section 508 would seem generally to be applicable only in cases where in view of some unforeseen emergency there was a necessity to levy an extra tax for some specific county purpose. This court has held in *Seaboard Air-Line Ry. Co.* v. *Wright,* 161 *Ga.* 136 (129 S. E. 646), that "The levy of a tax for the purposes specified in section 508 can not exceed fifty per cent. of the State tax. This limit extends to current expenses." In that case it was expressly held that the tax assessment under review did not purport to levy a tax to pay current expenses and debts of the county, as authorized by section 507. It was held also that an attempt was being made to levy four mills for county purposes under the provisions of section 508, which was an amount 1.5 mills in excess of the fifty per cent. of the State tax for the year 1921, and the judgment of the Court of Appeals was reversed; but in the present case it does not appear, except in the contention as set out in the affidavit of illegality, that the commissioners of Morgan County were proceeding to avail themselves of the power conferred in section 508, and no proof to that effect was submitted.

Item 1 of the levy now before us, which imposed a tax of twenty-seven cents on the hundred dollars for public-road purposes, is not to be included in the fifty per cent. on the State tax mentioned in section 508; nor is item 2, which is a levy of fifty cents

on the hundred dollars to pay any lawful indebtedness; nor is item 3, which levied eight cents on the hundred dollars to build and repair bridges, jails, and other public buildings; nor is item 7, which levied six cents on the hundred dollars to pay the expenses of the poor; nor is item 8, which levied six cents on the hundred dollars for any and all other legal purposes, for this is the equivalent of the provision in subdivision 9 of section 513, to pay any other lawful charges against the county. *Commissioners* v. *Porter Mfg. Co.,* supra. Nor is the tax of fifty cents on the hundred dollars for public-school purposes. Items 1, 2, 3, 7, and the school-tax levy are all provided for by public laws, and neither do they require the recommendation of the grand jury nor are they to be counted as current expenses within the provisions of section 513. See *Central of Georgia Ry. Co.* v. *Wright,* supra. So that even if the commissioners should have availed themselves of the provisions of section 508, the amounts included in items 4, 5, and 6 amount to only twenty-three cents on the hundred dollars, or two cents less per hundred dollars than the fifty per cent. provided by the Code. And it appears from the traverse of the affidavit of illegality that $5000 of the sum to be raised by the levy of thirteen cents on the hundred dollars set forth in item 4 of the tax levy is for salaries, fixed by existing public laws, for the judge of the city court, the solicitor of the city court, and the treasurer of Morgan County. It is true that there is a provision for the salary of a farm demonstrator of $1800; but deducting this salary from the $5000, there remains $3200 of salaries which are extra and fixed charges provided by law and which must be paid. Taking the assessed valuation, it will require a levy of over seven cents on the assessed valuation to meet the $3200; and so even if item 8 of six cents on the hundred dollars for any and all other legal purposes be classed as a current expense, the levy for current expenses would be less than six cents on the hundred dollars on item 4, five cents on item 5, five cents on item 6, and six cents on item 8, which would be only twenty-two cents on the hundred dollars, or three cents on the hundred dollars less than allowed by the provisions of section 508. Therefore, in any view of the matter, whether it be assumed that the provisions of section 507, based upon the authority of section 513, was alone in the minds of the county authorities of Morgan County or whether

it be assumed that they first levied twenty-two cents on the hundred dollars under the provisions of section 508, and the remainder for public indebtedness and the fixed charges provided by law in the form of extra demands which must be met under the terms of section 513, the levy was not excessive for any reason stated in the affidavit of illegality, and the Court of Appeals did not err in so holding. We do not hold that the tax to pay the salary of the county demonstrator, amounting to $1800, is legal. A decision of that question is not involved in the present record, no point having been made affecting the constitutionality of the act of 1922 upon that subject (Acts 1922, p. 81), which this court held, in *Central of Georgia Ry. Co.* v. *Wright,* supra, to be unconstitutional, following *Almand* v. *Board of Education,* 161 *Ga.* 911 (131 S. E. 897), and *Brown* v. *Martin,* 162 *Ga.* 172 (132 S. E. 896).

*Judgment affirmed. All the Justices concur, except Gilbert and Hines, JJ., dissenting.*

HINES, J. I dissent from the ruling made in the first headnote. Section 513 of the Civil Code simply defines the purposes for which county taxes can be levied, but does not fix the amount, or attempt to fix the amount for which they can be levied. The purposes for which taxes can be levied under § 513 are the same purposes as those expressed in § 508, which provides for the general tax to meet county purposes. *Seaboard Air-Line Ry. Co.* v. *Wright,* 157 *Ga.* 722 (122 S. E. 35). This latter section fixes the amount for which taxes can be levied to meet the expenses which a county may incur in conducting its business, with the exception of taxes which can be levied under §§ 504, 506, and 507, and under statutes which expressly or by necessary implication authorize the levy of additional county taxes. I further dissent from anything in the opinion of the majority which holds or seems to hold that under § 507, or any other statute of this State, taxes can be levied in excess of 100 per cent. of the State tax to meet accumulated debts and current expenses. See my dissent in *Central of Georgia Ry. Co.* v. *Wright,* 165 *Ga.* 1 (supra).