18400. McIntosh County *et al.* v. Seaboard Air-Line Railway Co.

Stephens, J. 1. Any local tax for educational purposes imposed by county authorities, outside of any independent local school systems in the county, is governed by article 8, section 4, paragraph 1 of the constitution of this State, as amended by an amendment ratified November 2, 1920 (Ga. L. 1919, p. 66; Park's Code Supp. 1922, § 6579), and shall not exceed in the aggregate 5 mills, as provided therein, whether the tax is imposed under any one or all of the following legislative enactments: Civil Code of 1910, § 513; § 1534, providing for the imposition of the tax when authorized by a popular vote, and an act approved

August 19, 1922 (Ga. L. 1922, p. 81), authorizing "the several counties of this State to levy and collect taxes for educational purposes in such amounts as the county authorities shall determine." *Brown* v. *Martin*, 162 *Ga.* 172 (132 S. E. 896). See also, in this connection, *McMillan* v. *Tucker*, 154 *Ga.* 154 (6) (113 S. E. 391); *Almand* v. *Board of Education*, 161 *Ga.* 911 (131 S. E. 897); *Central of Georgia Ry. Co.* v. *Wright*, 165 *Ga.* 1, 9, 10 (139 S. E. 890).

2. Where a local tax for educational purposes was imposed by the county authorities of the county of McIntosh upon the taxable property in the county, there being no independent local school systems in the county, at the rate of 5 mills, under the authority of section 1534 of the Civil Code of.1910, and at the rate of 5 mills under the authority of the act of 1922, supra, thus aggregating 10 mills, the tax was, by 5 mills, in excess of that which the county authorities could legally impose.

3. A local school tax of 5 mills levied for educational purposes by the county authorities under the authority of the Civil Code (1910), § 1534, after an authorization by a popular vote in the year 1912, was preserved by the constitutional amendment of 1920, which provides that "no additional election shall be required to maintain any local school tax not in existence in districts, counties, or municipalities." This constitutional amendment, which authorizes the county authorities to levy a tax for educational purposes without a vote of the people authorizing the tax, and which also preserves the local county taxes for educational purposes already levied by the county authorities under authority of the vote of the people as was provided by law before the passage of the amendment, does not authorize the imposition of a tax by counties for educational purposes in excess of 5 mills, although the tax may have been levied by virtue of authority obtained by vote of the people.

4. The defendant's affidavit of illegality, contesting the tax levy upon its property to the extent of 5 mills for educational purposes, was properly sustained.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 25, 1928.

*Tyson & Tyson*, for plaintiffs.
*Conyers & Gowen*, for defendant.