ATLANTIC COAST LINE RAILROAD COMPANY *v.* LONG COUNTY *et al.*

No. 6266.   September 26, 1928.

*Edgar A. Neely, Lawrence & Abrahams, A. R. Lawton Jr.,* and *Edwin A. Cohen,* for plaintiff in error.

*M. Price,* contra.

RUSSELL, C. J. 1. In making a levy of taxes to pay current expenses of the county during the year, the county is limited, by the express terms of section 508 of the Civil Code of 1910, to 50% of the amount of the State tax; the 50% authorized in section 508 is for "county purposes," and "current expenses" are included within "county purposes." *Seaboard Air-Line R. Co.* v. *Wright,* 157 *Ga.* 722 (122 S. E. 35). As the rate authorized by section 508 is limited to 50% of the State tax for the year for which the levy is assessed, if the tax thus authorized is used for current expenses the power conferred would be fully exercised.

2. In making a levy of taxes to pay the current expenses of the county during the year, a county is limited to 100% of the

State tax as mentioned in section 507 of the Civil Code of 1910. RUSSELL, C. J., and BECK, P. J., dissent, being of the opinion that under section 507 a county may in case of emergency, in the discretion of the county authorities, levy more than 100% for current expenses.

3. A levy of taxes by a county to pay current expenses during the year, where it exceeds 150 per cent. of the State tax, is excessive. RUSSELL, C. J., and BECK, P. J., dissent.

4. Upon the answer to the question, "If a county levies 150 per cent. of the State tax to pay current expenses, may it levy a further amount to pay accumulated debts?" the court is equally divided in opinion, Russell, C. J., Beck, P. J., and Atkinson, J., being of the opinion that under the provisions of section 507 the debts of the county should be in any event paid as therein prescribed, and Hill, Gilbert, and Hines, JJ., being of the opinion that this question should be answered in the negative. The question therefore is not answered.

5. Upon the answer to the question, "If a county levies the full amount which it is authorized to levy for current expenses, does the levy of a further amount to pay *interest* on county warrants render the whole levy excessive, where there is nothing to show affirmatively for what purpose the warrants were issued, whether for current expenses, accumulated debts, or otherwise?," the Justices are equally divided in opinion, Russell, C. J., Beck, P. J., and Atkinson, J., being of the opinion that if a county levy the full amount which it is authorized to levy for current expenses, the levy of a further amount to pay interest on county warrants may or may not render the whole levy excessive, while Hill, Gilbert, and Hines, JJ., are of the opinion that such levy will render the whole levy excessive. The question therefore is not answered.

6. The court is likewise equally divided in opinion as to question 6. Hill, Gilbert, and Hines, JJ., are of the opinion that the question should be answered in the affirmative, and Russell, C. J., Beck, P. J., and Atkinson, J., are of the opinion that it will not necessarily follow that a county tax levy is rendered excessive by the addition of a further item of 1-1/4 mills to pay any other lawful charge against the county, such as interest on county warrants, incidentals, and the like, as itemized in paragraphs 8 of the levy

in question, where it is not shown what part of such 1-1/4 mills was levied for the purpose of paying interest on county warrants, but where no attack was made upon the ground that the item failed to specify the part thereof levied to pay such interest.

ATKINSON, J., concurring specially. My views as to questions 2 to 6, inclusive, propounded by the Court of Appeals are as follows:

1. The questions are to be answered in the light of the statements as to the purposes for which the tax levy was made. The statement as to such purposes does not include any "emergency expense." The Civil Code (1910), § 507, does not *expressly* or *impliedly* authorize the levy of a tax for *current expenses* in any amount. This view is set forth at length in the dissenting opinion in *Central of Georgia Railway Co.* v. *Wright,* 165 *Ga.* 623, 641 (142 S. E. 288). That code section does not authorize the levy of a tax for current expenses, nor does it purport to limit the amount for which a tax may be levied for current expenses. Consequently the second question propounded by the Court of Appeals should be answered in the negative.

2. There is *implied* authority in § 507 to levy taxes to pay accumulated lawful debts not otherwise provided for, without limitation as to the amount necessary to pay such debts, in circumstances where such debts have been allowed to accumulate to such extent as that 100% of the State tax will be insufficient to pay both the debts and the ordinary current expenses of the county for the year in which the tax is levied. This view is set forth at length in the dissenting opinion in *Central of Georgia Railway Co.* v. *Wright,* supra. There is authority under § 508, to levy taxes for *county purposes,* not to exceed 50% of the State tax levied for the year, provided the grand jury recommends the levy of the tax; but that section does not purport to authorize the levy of a tax for any amount in excess of 50% of the State tax levied for the year. The term "current expenses," as employed in § 507, is necessarily included in the term "for county purposes" as employed in § 508. It follows, inasmuch as § 507 does not authorize the levy of a tax for current expenses at all, and § 508 only authorizes the levy of a tax not exceeding 50% of the State tax levied for the year, that those two sections when considered together do not constitute authority for levy of a tax "to pay cur-

rent expenses" exceeding 50% of the State tax for the year in which the levy is made, and that a levy of 150% of the State tax is excessive. In this view the third question propounded by the Court of Appeals should be answered in the affirmative.

3. If a county should unlawfully levy 150% of the State tax "to pay current expenses," and the county had accumulated lawful debts which, when added to the amount of the actual current expenses for the year, would amount to 100% of the State tax levied for the year, the fact that the county may without authority have levied too much for current expenses would not render unlawful the levy of a tax to pay the accumulated debts. In this view the fourth question propounded by the Court of Appeals should be answered in the affirmative.

4. "County warrants" may represent accumulated indebtedness for which, under particular circumstances as hereinbefore indicated, might authorize the levy of an unlimited tax, or they might represent a current expense for the year. The interest on such warrants would partake of the character of the principal. If the warrant was for a debt as indicated, the levy of a tax to pay the interest thereon would not be excessive, although the county may have levied a tax for the full amount it was authorized to levy for current expenses for the year; but if the warrant was for a current expense, it would, under the circumstances stated, be excessive. Where the levy did not show affirmatively whether it was for accumulated debts or for current expenses, whatever other objection there might be to it, it can not be held void on the ground that it was excessive. The fifth question propounded by the Court of Appeals should be answered in the negative.

5. For similar reasons the sixth question propounded by the Court of Appeals should obviously be answered in the negative.