### 25679. ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.* HARRISON, comptroller-general, etc.

JENKINS, P. J. 1. The question certified by this court as to whether, "if a county levies 150 per cent. of the State tax to pay current expenses . . it [may] levy a further amount to pay accumulated debts," was returned to this court without answer, the Justices of the Supreme Court being equally divided in opinion. *Atlantic Coast Line R. Co.'* v. *Long County*, 167 *Ga.* 210 (4), 212 (144 S. E. 783). Thereupon, after a full consideration of prior decisions, it was held by this court that "a county can not legally levy a tax of more than 150 per cent. of the State tax to pay current expenses and accumulated debts." *Atlantic Coast Line R. Co.* v. *Long County*, 39 *Ga. App.* 303, 304, 305 (147 S. E. 158), and citations, including especially *Central of Ga. Ry. Co.* v. *Wright*, 165 *Ga.* 623 (142 S. E. 288); *Central of Ga. Ry. Co.* v. *Wright*, 165 *Ga.* 1 (139 S. E. 890); *Seaboard Air-Line Ry. Co.* v. *Wright*, 157 *Ga.* 722 (122 S. E. 35); *Central of Ga. Ry. Co.* v. *Wright*, 156 *Ga.* 13 (118 S. E. 709); *Southern Ry. Co.* v. *Wright*, 154 *Ga.* 334 (114 S. E. 359); *Wright* v. *Southern Ry. Co.*, 146 *Ga.* 581. (91 S. E. 681).

2. "Tax laws passed since the adoption of the Code [of 1863], to raise revenues for specific purposes definitely stated therein, are extra or special taxes, not coming within the provisions of sections 507 or 508 of the Code" (1933, §§ 92-3702, 92-3706). *Central of Ga. Ry. Co.* v. *Wright*, 165 *Ga.* 1 (3 *a*), supra. "In computing the percentage of tax to be levied either under the tax authorized by section 508 or under the provisions of section 507 of the Code [1933, §§ 92-3702, 92-3706], which provides for the speedy payment of debts as specified in subsection 1 of section 513 [1933, § 92-3701(1)], no extra or special taxes provided by local or general laws as fixed charges upon the particular county are to be included so as to affect or prevent the levy of such taxes as may be necessary to pay its legal indebtedness and its current expenses." *Central of Ga. Ry. Co.* v. *Wright*, 165 *Ga.* 623 (3), supra. The pro-rata part of the annual salary of the solicitor-general of the Cherokee judicial circuit which is chargeable against Dade County, being specially provided for by the act of August 20, 1918 (Ga. L. 1918, p. 364-369), is an extra or special tax against the county; and therefore, under the pre-

ceding rulings, it is not to be included within the 150 per cent. limitation for "current expenses and accumulated debts."

3. In accordance with the above holdings and the undisputed facts, the levy by the ordinary of property taxes for general current county expenses and accumulated county debts exceeded the lawful 150 per cent. of the State tax by $1.60 per thousand dollars of taxable property. However, the $1298.65 of taxes attacked by the affidavit of illegality by the defendant in execution included an item of $.30 per thousand dollars of property for the portion of the salary of the solicitor-general which was chargeable to the county. This item representing a legally collectible special tax, although in excess of the 150 per cent. of State tax; but the execution being illegal except as to this amount, representing three nineteenths, or $205.05, of the total in dispute, the judgment against the affidavit of illegality must be reversed except as to this item and interest thereon from December 20, 1934.

*Judgment affirmed in part and reversed in part. Stephens and Sutton, JJ., concur.*

DECIDED OCTOBER 17, 1936.

*McClure, Hale & McClure, Maddox, Matthews & Owens,* for plaintiff in error.

*J. M. C. Townsend, Rosser & Shaw,* contra.